JOHN G. STIGERS v. GEORGE W. STIGERS.

*Error from Leavenworth County.*

Decided January 30th, 1865.

1. ARBITRATION AS TO LANDS.—At common law, disputes concerning real property were not the subjects of arbitration.
2. ENGLISH STATUTES.—The statute of William III., chapter 15, in aid of the common law, has not been adopted in this state.
3. EVIDENCE: AWARD AS TO LANDS.—An award concerning real estate cannot be offered in evidence in an action for the possession thereof, unless it shall appear that it was made in pursuance of a reference from the district court.

Plaintiff in error brought an action under the code to recover real property possessed by defendant. The answer was a general denial. The plaintiff, on the trial to maintain his right to the land, having proved the execution thereof, offered in evidence an arbitration bond executed by the parties, and an award found by the arbitrators between the parties previous to the commencement of the action. The evidence was rejected and an exception to the rulings preserved. Judgment was rendered for defendant.

*Rees & Wheat*, for plaintiff in error.

*H. T. Green*, for defendant in error.

*For plaintiff* it was insisted:

1. If the award showed either title in plaintiff or estopped the defendant from setting up title to the land in question, it was competent evidence.  1 *Greenl. Ev.*, 70, § 51; 19 *Wend.*, 203; 6 *Ala.*, 390, 407; 10 *id.*, 355; 6 *Humph.*, 375; 1 *Bac. Abr.*, 303.

2. In the absence in this state of statutory provisions regulating arbitrations, the common law governs. By the common law the bond and award estopped defendant from claiming title, and on that estoppel plaintiff might recover. *Merritt v. Rosser*, 3 *East.*, 8; 1 *Bac. Abr.*, 303; 2 *Cow.*, 650; 15 *Johns.*, 199; 3 *Scam.*, 245, 249; 11 *Ill.*, 569; 17 *Pick.*, 470; 5 *Cow.*, 387; *Adams Ej.*, 139, [92;] *Kyd. Aw.*, 392; *Munroe v. Alaire*, 2 *Carnes' R.*, 319.

That the award was sufficient. *Shellingsworth v. Leeper*, 1 *Dal.*, 161; *U. S. Eq. Dig.*, 82, § 5; *id.*, 205, § 160; 1 *Taunt.*, 549; 7 *Cow.*, 185; 8 *id.*, 235, 237; 11 *Ill.*, 563, 568; 13 *id.*, 456; 14 *id.*, 162, 392, 567; 3 *Scam.*, 249; 1 *Barb. C. R.*, 173; 17 *Pick.*, 470; 1 *Pet.*, 222; 2 *N. H.*, 179; 1 *Hill*, 489, 491; 11 *Johns.*, 189.

*Green, for defendant,* made the following points:

1. The title to land does not pass by an award. 3 *Blackst. Com.*, 16; 3 *East.*, 15.

2. At most it could pass only an equity. This is an action at law—ejectment; therefore plaintiff cannot recover. *Fenn v. Holmes*, 21 *How.*, 481; 23 *id.*, 235; 24 *id.*, 268, 175, 398; 10 *id.*, 297; 9 *Pet.*, 632; 7 *How.*, 846; 3 *Blackst. Com.*, 204, *note* 6.

3. Whatever equities may be outstanding, a state law cannot confer upon the equitable owner the right to bring ejectment. *Brodrick v. Bagnell*, 13 *Pet.*, 450; *Tillingh. Adams Ej.*, 326, *notes*.

4. To recover in ejection the plaintiff must have a paramount legal title. 12 *Pet.*, 23.

5.  Legal title must prevail at law.    13 *How.*, 24; 9 *id.*, 171; 8 *id.*, 365; 11 *id.*, 568.

*By the Court,* BAILEY, J.

Judgment below affirmed.